Sealed
Public and unofficial staff access to this instrument are prohibited by court order

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED
*October 04, 2022*

Nathan Ochsner, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Salih Ali Mohammed Alhemoud | ) | Case No. **4:22-mj-2358** |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  August 29, 2022  in the county of  Harris  in the
Southern  District of  Texas  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. § 1201 | Kidnapping |

This criminal complaint is based on these facts:

See attached Affidavit in Support of Complaint

☑ Continued on the attached sheet.

*Complainant's signature*

David Helms, FBI Task Force Officer
*Printed name and title*

Sworn to before me telephonically.

Date: October 04, 2022

*Judge's signature*

City and state: Houston, Texas

Hon. Yvonne Ho, United States Magistrate Judge
*Printed name and title*

Sealed
Public and unofficial staff access to this instrument are prohibited by court order

**4:22-mj-2358**

**AFFIDAVIT IN SUPPORT OF COMPLAINT**

Your Affiant, David Helms, being duly sworn, deposes and says:

1. I serve as a Task Force Officer with the Federal Bureau of Investigation (FBI) and have been so employed since August of 2022. I was previously a Task Force Officer with the FBI from 2016-2021. As such, I am a deputized federal agent working with the FBI pursuant to Title 21 U.S.C. § 878. I have also spent the past 16 years as a certified peace officer in Houston Police Department in Texas. Throughout that time, I have received training and gathered experience in law enforcement investigation techniques. I am currently assigned to the FBI's Violent Crime Task Force, and thus, I am charged with investigating robberies, kidnappings and hate crimes, among other crimes.

2. This investigation concerns an alleged violation of 18 U.S.C. § 1201, the federal kidnapping statute.

3. The statements in this affidavit are based upon the investigation I have conducted and based on my conversations with other law enforcement officers involved in this investigation, or who have engaged in numerous investigations involving violent crimes, hate crimes and civil rights violations. Since this affidavit is being submitted for the limited purpose of securing a complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the Defendant, Salih Ali Mohammad Alhemoud, DOB 3/25/1994 ("Defendant") has violated 18 U.S.C. § 1201.

4. Law enforcement is currently investigating the Defendant for four separate crimes in the Houston area occurring on or about (a) July 31, 2022; (b) August 29, 2022; (c) the morning of September 1, 2022; and (d) the afternoon of September 1, 2022. All four crimes involve the Defendant pointing a firearm at victims. In two of the crimes, the Defendant physically assaulted his victims. Three of the four are being reviewed to determine whether they constitute federal hate crimes in violation of 18 U.S.C. § 249, while the fourth was an incident of road rage.

5. While each of these four crimes are under active federal and state investigation, this affidavit only concerns a complaint charging the Defendant with kidnapping as to the second crime listed above, which occurred on or about August 29, 2022. In an effort to consistently identify these events and victims, I have identified these victims chronologically. Accordingly, the victim of this crime is identified here as Victim #3.

**I. August 29, 2022 Assault, Robbery and Kidnapping of Victim #3**

6. On August 29, 2022, Victim #3, a transgender individual who identifies as female, reported being the victim of an armed robbery and assault at her apartment located in Houston, Texas with the Southern District of Texas.

7. In the morning of August 29, 2022, Victim #3 exchanged messages with a person later identified as the Defendant on Grindr, a dating application for members of the LGBTQ community. The Defendant initiated these conversations, which migrated to text message and a Facetime video call. During these conversations, the Defendant identified him by his first name and his face was visible to Victim #3. The Defendant also sent photographs of himself to Victim #3.

8. The Defendant's profile on Grindr indicated he was 'looking for trans." The Defendant knew Victim #3 was transgender prior to meeting because they had also discussed it in these conversations.

1

9. Victim #3 and Defendant agreed to meet at her apartment on August 29, 2022 for a casual hookup. The Defendant arrived in the afternoon. When the Defendant arrived, Victim #3 let him into her apartment.

10. The Defendant and Victim #3 went into Victim #3's bedroom. The Defendant shut the door to the bedroom. The Defendant then pulled out a pistol from his waistband and demanded Victim #3's money and property. When Victim #3 told him she had no cash, he struck her with the pistol grip multiple times and stomped her face and chest when she fell to the ground.

11. While the Defendant was attacking Victim #3, he used various transgender slurs. The Defendant told Victim #3 to give him all the money she had, that he was going to kill her because she was trans, that she "was a demon like the others, all you trans people," "You're not a woman, you're a faggot," "my religion considers you a demon," "your breasts are fake," and "You're not going to leave here alive," or words to that effect.

12. During this assault, Victim #3 was scared for her life. The Defendant blocked the door out of the bedroom and Victim #3 was not free to leave. To escape from the Defendant, Victim #3 began banging on the window to get help, but to no avail.

13. The Defendant then asked Victim #3 where her purse was. Upon learning it was in the living room, the Defendant went into the living room. Victim #3 used this opportunity to flee the apartment and ran outside.

14. The Defendant stole the victim's purse, Mexican visa, and cell phone, and then ran out of the apartment.

15. Victim #3 was able to see the Defendant drive off in a red Dodge Charger with black stripes down the middle. Victim #3 contacted law enforcement, who subsequently documented her physical injuries on her head and elsewhere, where he used his gun to beat her.

16. Victim #3 used her "Find my iPhone" application on an iPad to track her stolen phone. This application indicated that her iPhone had been taken near to the Alta City West Apartments, 9237 Westheimer Road, which is where officers later learned the Defendant resides.

17. Law enforcement officers went to the Alta City West Apartments. There, they found a red Dodge Charger with black stripes down the middle, just as Victim #3 had described. Officers found the vehicle identification number on that Dodge and using law enforcement databases, discovered that the car was registered to the Defendant.

18. Officers subsequently found a driver's license photo for the Defendant and created a photo array with it and five other similar-looking individuals. On September 1, 2022, HPD Detective R. Botello showed Victim #3 the photo array in the typical double-blind manner after providing her a witness admonishment form. Victim #3 identified the Defendant as the person she met on Grindr that assaulted, robbed, and kidnapped her.

19. I interviewed Victim #3 on September 13, 2022, and she told me that shortly after the robbery but before HPD officers showed her the photo array, she spoke with other transgender females in her community. She advised me that two other transgender females – later identified as Victims #1 and #2 – informed her they had also been attacked by a man they met on social media. One of these victims showed Victim #3 the photo of the man she was messaging on Instagram that assaulted her, and Victim #3 confirmed it was the same perpetrator, *i.e.* the Defendant. Both these other victims informed Victim #3 that the Defendant had assaulted them and talked in a derogatory manner about them being transgendered.

II. **Legal Analysis**

20. Kidnapping under 18 U.S.C. § 1201 requires proof of four elements: (1) the defendant, knowingly acting contrary to law, kidnapped, seized, confined, or inveigled his victim;

2

(2) the defendant did so for some reward or purpose or benefit; and (3) the victim did not consent; and (4) the defendant used the mail or any means, facility or instrumentality of interstate commerce in committing or in furtherance of the offense. *See* 18 U.S.C. § 1201 (kidnapping); Fifth Circuit Pattern Jury Instruction 2.54 (2019).

21. First. the above facts show that the Defendant seized, confined, and inveigled Victim #3. "To inveigle" is defined as "a person means to lure, entice, or lead the person astray by false representations, promises, or other deceitful means." *See* Fifth Circuit Pattern Jury Instruction 2.54 (2019). The Defendant inveigled Victim #3 by using false pretenses to get into her apartment and into her bedroom. The Defendant then seized and confined Victim #3 in the bedroom by blocking her exit from the bedroom, assaulting her, and threatening her life – forcing her to bang on the windows for rescue. Victim #3 did not feel free to leave, and in fact was not free to leave. Victim #3 managed to escape only when the Defendant went into the living room to steal some of her property.

22. Second, the above facts show the Defendant derived a reward, purpose and benefit from his criminal actions by stealing property from her. Third, the above facts show that Victim #3 did not consent to this crime. She tried to escape and suffered visible injuries afterwards.

23. Fourth, the above facts show that the Defendant used means, facility or instrumentality of interstate commerce in committing or in furtherance of the offense, specifically when he used his cellular phone to contact her and the Grindr app on that phone to identify and initiate contact with his victim. The Defendant also used a firearm that has travelled in interstate commerce as part of his criminal conduct.

### III. Other Crimes

24. As discussed above, the Defendant is currently under investigation for a series of other crimes similar in *modus operandi* and within the same timeframe.

25. The first occurred on or about July 31, 2022, and involved Victims #1 and #2, both of whom are transgender individuals who identify as female. In that case, the Defendant used Instagram to set up a casual hook up with Victim #1 in her apartment in Houston, Texas. When the Defendant arrived, they went into the bedroom where the Defendant suddenly acted angry at Victim #1, demanded she get on her knees and apologize to him, displayed a gun to her, and threatened to kill her. Victim #2 also was in the apartment at the time, and when she entered the bedroom after she heard screaming, the Defendant yelled at her and punched a television. During this event, the Defendant used slurs directed at Victim #1's sexual orientation and gender identity.

26. The Defendant made photographs of himself available to Victim #1, and it was one of these photographs that later helped many or all the victims realize that it was the same person who had attacked them all. The Defendant also identified himself by full name in his Instagram profile prior to this crime. Victims #1 and #2 later identified the Defendant in a double-blind photo array procedure.

27. The second crime is discussed in detail above.

28. The third crime occurred on or about the morning of September 1, 2022, and involved Victims #4, #5 and #6. Victims #4 and #5 are both transgender individuals who identify as female. Victim #6 is a gay man. In that case, the Defendant used Grindr to set up a casual hook up with Victim #4 at the apartment she was staying at in Houston, Texas. When the Defendant arrived, he and Victim #4 went into a bedroom where the Defendant immediately pointed a gun at Victim #4 and demanded money and property. When Victim #4 was unable to give those items to him, he yanked her by her hair, pushed her, and threatened to kill her while calling her a "gay guy" or words to that effect. Victim #4 speaks Spanish and knows little to no English. The Defendant

3

then ran into the common area of the apartment, where he encountered Victims #5 and #6. The Defendant pointed his gun at them and stated "you want to die, you fucking faggot" or words to that effect. Both Victims #5 and #6 ran to other parts of the apartment for safety, while the Defendant stole belongings and then fled the apartment. At least two of the three victims saw the Defendant get into a newer model red Dodge Charger with black stripes down the middle. All three victims subsequently identified the Defendant in a double-blind photo array procedure.

29. The fourth crime occurred on the afternoon of September 1, 2022. During this incident, Defendant had stopped his car in downtown Houston, Texas, in the middle of the road. The Defendant was driving his red Dodge Charger with black racing stripes. Victims #7 and #8, driving in a single car, came up behind his car stopped in the middle of the road, honked, and then drove around him to continue down the street. The Defendant followed them, and, at the next stop light, stopped his car next to the victims' car, rolled down his window and pointed a gun at them. After a few moments, the Defendant drove off. The victims called the police and described his distinctive car to them. Houston Police Department officers quickly arrived, located the car, and tried to stop it. The Defendant refused to pull over and took the officers on a highspeed chase through the city, eventually crashing his car. The Defendant was arrested, and police seized from him a black Glock 9mm semiautomatic firearm.

30. Agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") traced the seized firearm and learned that the Defendant purchased it in Oregon, Ohio in May 2022.

Respectfully submitted,

_____
David Helms, Task Force Officer
Federal Bureau of Investigation

Sworn and subscribed to before me telephonically on October 4, 2022, and I find probable cause.

_____
Honorable Yvonne Ho
United States Magistrate Judge

4