IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA

v.                                                    4:22-CR-529-1

SALIH ALI MOHAMMED ALHEMOUD

DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

The defendant, Salih Ali Mohammed Alhemoud, respectfully moves this
Court to suppress any and all statements and evidence obtained from the
unconstitutional searches of his home, car, and electronic devices in violation of
the Fourth and Fifth Amendments.

First, Mr. Alhemoud argues the cell phone affidavit included a material
omission and false statement that unsubstantiated a finding of probable cause
pursuant to *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978).  Mr. Alhemoud
further contends the warrant authorizing the search and seizure of his property
lacked probable cause that a federal offense had occurred, was a "bare bones"
warrant, and was facially deficient as it failed to establish a nexus, was overbroad,
and lacked particularity.

Because the search warrant application failed to establish probable cause and
particularity, the Magistrate Judge abandoned his judicial role by granting the

application, and the officers lacked objective good faith when executing it. As such, all evidence obtained as a result of this search warrant, which includes all evidence obtained from Mr. Alhemoud's electronic devices, as well as subsequent interview, is not subject to the good faith exception and must be suppressed.  In support, Mr. Alhemoud shows the Court as follows:

## I.    FACTUAL BACKGROUND

On September 15, 2022 Det. David Helms of HPD ("Det. Helms") submitted several search warrant applications for the search of Mr. Alhemoud's home located at 9233 Westheimer Rd. Apt. 128, at the Alta City West Apartments in Houston, Texas and a red Dodge Charger SRT-8.  Subsequently on September 21, 2022 Det. Helms submitted a search warrant application seeking to search the contents of a cell phone believed to belong to Defendant which was seized during the search of his home pursuant to the September 15 warrant.

In support of the search warrant applications Det. Helms indicated that the search was pursuant to a hate crime and evidence of said crime might be located at the apartment.  Further, he indicated based on his training and experience coupled with an investigation conducted by him along with other "law enforcement officers involved in this investigation, or who have engaged in numerous investigations involving child exploitation and/or child pornography" there is probable cause to believe there exists evidence of a crime, contraband, fruits of a crime, and other

items illegally possessed in violation of Title 18, United States Code, Section 249.

The warrant preliminarily sought to find "cellular phones; stolen purses and an identification; and other evidence of a bias-motivated hate crime." A broader and less particularized assessment of items to be seized was attached with the warrant.

Included within the search warrant was a section explaining the nature of the crime being investigated. The factual basis supports that two individuals met each other on a dating application (Grindr) and agreed to meet in person. During the time period of their encounter the warrant indicates that at some point Mr. Alhemoud allegedly brandished a gun seeking to rob the individual he came to their apartment to meet. Further, the application avers that the victim stated they had no money to which point they were struck by Mr. Alhemoud he began cursing and using slurs, and fled the apartment taking items such as a purse and cell phone.

The victim was able to give a description of the vehicle Mr. Alhemoud drove away in along with using the find my iPhone location application to an address located at 9237 Westheimer Road. Officers were able to go the address and noticed a car fitting the description described by the victim. Law enforcement searched the Vehicle Identification Number ("VIN") and were ultimately able to track the vehicle to Mr. Alhemoud.

A second crime was alleged within the application, which also indicated to

3

be a hate crime.  The second alleged occurrence happened on September 1, 2022

where it is alleged Mr. Alhemoud and a second victim set up a date on a dating

application.  In this particular instance, the defendant is alleged to have met with

the victim and upon entering the bedroom displayed a firearm and demanded

money.  When the victim stated they had no money it is alleged that they were

attacked by grabbing hair, pushing and threatening to kill them whilst uttering a

phrase in sum and substance "gay guy," despite the victim having limited to no

ability to speak English.  Before the defendant left it is alleged he encountered two

more individuals at that home and threatened to kill them (making no epithets) and

stole items belonging to them as well.

Judge Edison granted the search warrants and ultimately the home search

warrant was executed which found potentially incriminating evidence from Mr.

Alhemoud's home including his cell phone.

On October 4, 2022, Det. Helms filed a Criminal Complaint in this matter

(Dkt. #1).  Attached to the complaint is an affidavit provided by Det. Helms, which

states in pertinent part, "This investigation concerns an alleged violation of 18

U.S.C. §1201, the federal kidnapping statute."  Further, the affidavit states: "Law

enforcement is currently investigating the Defendant for four separate crimes in the

Houston area occurring on or about (a) July 31, 2022; (b) August 29, 2022; (c) the

morning of September 1, 2022; and (d) the afternoon of September 1, 2022.  All

four crimes involve the Defendant pointing a firearm at victims.  In two of the crimes, the Defendant physically assaulted his victims.  Three of the four are being reviewed to determine whether they constitute federal hate crimes in violation of 18 U.S.C. § 249, while the fourth was an incident of road rage."

## II.    ARGUMENT

### A. The apartment search warrant was not supported by sufficient probable cause.

*1. The apartment affidavit contained material omissions and false statements that unsubstantiated a finding of probable cause.*

The Fourth Amendment requires that courts hold a suppression hearing if a defendant "makes a substantial preliminary showing" that: (1) a warrant affidavit contains "a false statement [made] knowingly and intentionally, or with reckless disregard for the truth," and (2) the statement was "necessary to the finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). Det. Helms knowingly and intentionally, omitted the uncertainty that the investigation was indeed a hate crime investigation rather than a robbery or other non-federal offense.

At the time of submission Det. Helms knew or recklessly disregarded the fact that the case had not yet been determined to be a federal hate crime, but requested the search warrants based on a federal hate crime.  The subsequent criminal complaint filed in this case that served to arrest Mr. Alhemoud belies the

point that Det. Helm's investigation was into a federal hate crime rather than for some other state criminal offense.  The criminal complaint was filed alleging a kidnapping.  The affidavits in support of the search warrants lacked probable cause for a federal hate crime rather than a number of state criminal offenses. At the very least, Det. Helms recklessly disregarded information he had at the time of submitting the affidavits that invalidates the claim that a federal hate crime was committed at the time when the affidavit was submitted.  Because the affidavit is insufficient without the omission and false statements that the crime was a federal hate crime, they were necessary to find probable cause.

Search warrants require probable cause to investigate the contents of the object of search, including cell phones.  *See Payton v. New York*, 445 U.S. 573, 584 (1980) (reiterating that the Fourth Amendment requires all "warrants be particular and supported by probable cause"). To establish probable cause, an affidavit must contain facts showing a "fair probability that contraband or evidence of a crime will be found in a particular place." *Gates v. Illinois*, 462 U.S. 213, 238 (1983). Mr. Alhemoud submits that officers violated his Fourth Amendment rights by searching his apartment and seizing his cell phone without a warrant containing sufficient facts to support a finding of probable cause. Because the deficient warrant does not "fall[] within a specific exception to the warrant requirement," the Court must suppress and exclude as evidence all information from the apartment

6

and more importantly the seized cell phone. *Riley v. California*, 573 U.S. 373, 382 (2014).

In Mr. Alhemoud's case, the various affidavits did not establish probable cause because they further falsely included information of an investigation of child exploitation and/or child pornography and omitted that the case is unclear if a federal hate crime existed at the time. Both the false statement and the omission were "material" in the magistrate judge's finding of probable cause. *United States v. Awadallah*, 349 F.3d 42, 64 (2nd Cir. 2003) ("A misrepresentation or omission is intentional when the claimed inaccuracies or omissions are the results of the affiant's deliberate falsehood or reckless disregard for the truth. It is material when the alleged falsehoods or omissions were necessary to the [issuing] judge's probable cause finding."); *see also United States. v. Kennedy*, 131 F.3d 1371, 1376 (10th Cir. 1997) (ruling that the standards set forth in *Franks* apply "to material omissions, as well as affirmative falsehoods"). As stated *supra*, Det. Helms sought a criminal complaint in which he disclosed to the court for the first time on October 4, 2022 that law enforcement were still trying to determine a federal nexus for a hate crime. Additionally, this case was never a case into child victims although the affidavit states clearly on it that this investigation included such criminal acts when none exist.

A *Franks* hearing requires a defendant show that "an officer intentionally or recklessly omitted information from the search affidavit," and the omissions were "material" in determining probable cause. *Awadallah*, 349 F.3d at 64. When the judge issuing a warrant is "misled by information in an affidavit that the affiant knew was false or would have known was false except for [a] reckless disregard of the truth," an officer cannot reasonably rely on that warrant. *United States v. Leon*, 468 U.S. 897, 898 (1984). Here, the affidavit failed to inform United States Magistrate Judge Edison first, that the investigation never included child victims and second, that Det. Helms was uncertain that a federal hate crime was committed despite his claims to the contrary.

In *Hale v. Fish*, a judge issued a warrant for the arrest of persons suspected of aggravated kidnapping. 899 F.2d 390, 398 (5th Cir. 1990). The defendants argued the warrant lacked probable cause because an FBI agent omitted from the affidavit his partnership with an informant and their covert investigations into the offense. *See generally id.* at 394–97. The district court favored the defendants, reasoning that the affidavit contained material omissions relevant to the probable cause determination, which "dealt the lethal blow to an already crippled affidavit." *Id.* at 398. On appeal, the Fifth Circuit affirmed the district court's decision concluding that the affidavit contained numerous false statements and critical omissions. *See id.* at 400. The Fifth Circuit believed the corrected misstatements

8

only marginally effected the magistrate's finding of probable cause, whereas the omissions were of "a more serious nature." *Id.* The court stressed that the critical omissions were "sufficient to amount to a constitutional violation." *Id.* at 391.

*Hale* suggests that when a law enforcement officer omits facts from an affidavit, and those facts are "'clearly critical' to a finding of probable cause," the court may use "the proof of the omission itself" to infer an affiant's reckless disregard for the truth. *Id.* at 400 (quoting *United States v. Martin*, 615 F.2d 318, 329 (5th Cir. 1980)); *see also In re Search of Cellular Telephone Towers*, 945 F. Supp. 2d 769, 771 (S.D. Tex. 2013) ("The affidavit supporting an application for a search warrant must provide the magistrate sufficient information … to allow the official to determine probable cause." (quoting *United States v. Settegast*, 755 F.2d 1117, 1121 (5th Cir. 1985)); *see also United States v. Cronan*, 937 F.2d 163, 165 (5th Cir. 1991) ("The requisite intent may be inferred from an affidavit omitting facts that are 'clearly critical' to a finding of probable cause" (quoting *Martin*, 615 F.2d at 329)). The Court should likewise find, at minimum, a reckless omission.

Here, Det. Helms knowingly omitted a critical fact that would have eliminated probable cause had the information been included in the phone affidavit. *See, e.g., United States v. Jacobs*, 986 F.2d 1231, 1234–35 (8th Cir. 1993) (holding that an officer's failure to include "highly relevant" information which "any reasonable person would have known . . . was the kind of thing the

judge would wish to know . . . at least with reckless disregard of its effect upon the

affidavit"). But unlike the insubstantial misstatements in *Hale*, the false statements

and omissions in the affidavits are necessary to determine probable cause and

uphold the Fifth Amendment.

Det. Helms prepared all the warrants and affidavits in this case.  He knew he

was at the very least omitting critical information as showcased in the language of

the affidavits.  When comparing the information in subsequent warrants e.g. cell

phone search warrant, the facts section is edited to no longer include an

investigation concerning child victims and more detail is given regarding a new

federal offense of kidnapping.

By deliberately omitting the status of the investigation and its uncertainty,

Det. Helms misled United States Magistrate Judge Edison. *See Kohler v. Englade*,

470 F.3d 1104, 1114 (5th Cir. 2006) (stating *Franks* "protects against omissions

that are designed to mislead, or that are made in reckless disregard of whether they

would mislead, the issuing judge in making the probable cause determination").

In short, the search warrants did not establish probable cause because it

included a false statement and an omission of material information.  It is clear that

the warrants lack probable cause because in October the complaint was filed on a

completely different federal crime, to which Det. Helms disclosed the uncertainty,

at that time, that there was indeed a federal hate crime. Det. Helms knew his

omission was a false perception of the facts, or at a minimum he recklessly disregarded the materiality of the omission. For these reasons alone, the warrants were constitutionally deficient, and all the evidence obtained as a result of the search must be suppressed.

> 2. *Even without the omission and false statement, the affidavit does not contain sufficient evidence to support a finding of probable cause of a violation of 18 U.S.C. § 249.*

Established above, the numerous search warrant affidavits are insufficient to establish probable cause.  More importantly, the warrants lacked probable cause for a search based on a federal hate crime.

18 U.S.C. § 249(a) states:

> (1)Whoever, whether or not acting under color of law, willfully causes bodily injury to any person or, through the use of fire, a firearm, a dangerous weapon, or an explosive or incendiary device, attempts to cause bodily injury to any person, because of the actual or perceived race, color, religion, or national origin of any person…

The facts presented within the affidavit in no way indicate how the crime was committed in order to injure a victim based on their perceived status rather than a crime totally motivated by money or escape.  The affidavit states that upon demanding money and being refused the defendant attacked (first), stole items, tried to get away, and made insults while leaving.  Probable cause being a low standard notwithstanding, those facts establish a crime of convenience rather than motivated to injure a person due to their personal status.  The Fifth Circuit has held

11

that probable cause for a state offense cannot be used to seek and obtain a *federal* warrant.   Fifth Circuit first addressed this issue in *Thomas v. United States*, 376 F.2d 564 (5th Cir. 1967).   The search warrant application was drafted in response to a shooting and was used to search the defendant's house.   The search revealed a sawed-off shotgun. The Fifth Circuit held that the warrant was invalid because it did not allege that a federal crime had been committed, and therefore the search was unreasonable. *Id.* at 564-67.

It is clear that at the time the affidavits were submitted this case was motivated by state authorities and due to the nature of the officer simultaneously acting in the capacity as a task force officer.   Det. Helms unilaterally decided to seek a warrant from a federal court rather than a state judge.   The affidavit, however, lacks the necessary facts to support a federal judge approving the search warrant.   Det. Helms has essentially engaged in forum shopping based on his ability to do so as a Task Force Officer.   Such behavior is prohibited generally, and here wholly improper nevertheless.   Officers are not permitted to search for judges most likely to sign an affidavit. *See United States v. Bailey,* 193 F. Supp. 2d 1044, 1051 (S.D. Ohio 2002) ("Courts should uniformly discourage forum shopping or jury selection."). Magistrates are not "rubber stamp[s] for police" and Det. Helms' behavior contradicts proper conduct established by the U.S. Supreme Court. *United States v. Leon*, 468 U.S.897, 914 (quoting *Aguilar v. Texas*, 378 U.S. 108, 111

(1964)).    But, even if the warrant affidavits corrected the false statements and included the omitted material, the affidavit would still not substantiate probable cause.

Arguably, the affidavit establishes a state criminal offense was committed. Even if this Court finds that probable cause existed for a *state* criminal offense, the warrant failed to sufficiently allege a federal law violation. Therefore, applying *Thomas* to the present facts renders the search warrant invalid, and because the warrant was executed and evidence was obtained as a result, any and all evidence is fruit of the poisonous tree and must be suppressed.

For these reasons, the warrant is void and all evidence resulting from the search must be suppressed.

**B. No Good Faith Exception**

The United States Supreme Court has carved out an exception to the exclusionary rule when evaluating whether to suppress physical evidence seized by officers reasonably relying on a warrant issued by a detached, neutral magistrate, and have held that deference is to be given to the magistrate's finding of probable cause. *United States v. Leon*, 468 U.S. 897, 913 (1984). The deference provided to the judge, however, "is not boundless" and the Court left open the possibility of suppressing evidence obtained when false statements were included in the warrant application, the magistrate wholly abandoning his detached and neutral judicial

13

role, and the officers lacked objective good faith when executing the warrant. *Id.* at

916-18. The Court foresaw this could be the case if officers relied on a warrant that

was so facially deficient that they could not presume it to be valid. *Id*.

> 1. *The affidavit contained false statements.*

As argued *supra*, the affidavit contained false statements.  The Court should

suppress for the added reason that no good faith exception applies when executing

a warrant with false statements.  As such, the analysis continues as set forth below.

> 2. *The Magistrate Judge wholly abandoned his detached and neutral*
>    *judicial role.*

The scrutiny of a detached magistrate is an important safeguard for

defendants against improper searches and seizures.  As such, the magistrate cannot

"serve merely as a rubber stamp for the police." *Id.* at 914.  Instead, the magistrate

is tasked with "mak[ing] a practical, common-sense decision whether, given all the

circumstances set forth in the affidavit before him … there is a fair probability that

contraband or evidence of a crime will be found in a particular place."  *Illinois v.*

*Gates*, 462 U.S. 213, 238–39 (1983).

*Gates* provides an important distinction, because the search warrant

application must not simply contain a conclusory statement that the magistrate

adopts. The Fifth Circuit has labeled such a conclusory affidavit as a "bare bones"

affidavit. *See U.S. v. Morton*, 46 F.4th 331, 336 (5th Cir. 2022) (discussing bare

bones as "…contain[ing] wholly conclusory statements, which lack the facts and

circumstances from which a magistrate can independently determine probable cause…"); *U.S. v. Leon*, 468 U.S. 897, 915 (1984) ("Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others."). S*ee also Nathanson v. United States*, 290 U.S. 41, 44 (1933) (Court found "bare bones" affidavit when the agent stated he "has cause to suspect and does believe that certain merchandise ... has otherwise been brought into the United States contrary to law, and that said merchandise is now deposited and contained within" the defendant's home).

The Court is presently met with the precise "bare bones" scenario with Det. Helms' affidavits. Despite the length and breadth of the warrants themselves, the warrant applications submitted by Det. Helms was still nevertheless bare bones. When assessing the validity of the application, it should have been obvious that critical elements of 18 U.S.C. § 249 (that Mr. Alhemoud violated the federal hate crime statute) were missing.[1] Specifically, the affidavit did not set out facts that could have led the magistrate judge to reach a finding of probable cause that the crime was done with the intention of victimizing certain classes of people based on their protected status. Rather, it contained an unwarranted conclusion that Mr. Alhemoud was committing crimes against transgendered victims based on their

---

[1] Other elements not specifically referenced/argued are indeed missing, but for purposes of this motion Counsel refrains from divulging any legal strategy.

"trans" identity. That is to say that there was no substantial basis for the magistrate judge's probable cause determination because the warrant violated the Fourth Amendment. In granting such a warrant application, the magistrate judge abandoned his neutral role and failed to make a commonsense decision based on the contents of the affidavit.

3. *Because the warrant was "bare bones" and facially deficient, law enforcement could not have relied on it with objective good faith.*

The Supreme Court has found that even if a warrant was erroneously issued, if a law enforcement officer reasonably relies on it, the fruits of that search need not be suppressed. *See United States v. Leon*, 468 U.S. 897, 916-23 (1984) ("…the officer's reliance on the magistrate's probable-cause determination and on the technical sufficiency of the warrant he issues must be objectively reasonable… and it is clear that in some circumstances the officer will have no reasonable grounds for believing that the warrant was properly issued.") (internal citations omitted).

As detailed above, the affidavit failed to establish probable cause for a federal hate crime because it omitted critical elements not only for the crime itself, but also, the affidavit omitted the uncertainty of the investigation into a federal hate crime specifically. *Leon* dictates suppression when considering both omissions. Indeed *Leon* predicted this when the Court stated, "Nor would an officer manifest objective good faith in relying on a warrant based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence

entirely unreasonable.'" *Id.* at 923 *citing Brown v. Illinois*, 422 U.S. 590, 610–611 (1975).

Here, Det. Helms was the officer who conducted the initial investigation, the officer who drafted the search warrant applications, one of the officers who interviewed the alleged victims, one of the officers executing the warrant, and the officer who filed the criminal complaint. It was entirely unreasonable of him to believe that probable cause existed for the offense of a federal hate crime.

Moreover, the search warrant was so overly broad, failed to state a proper nexus, and lacked particularity, that it was unreasonable for the other officers who executed the warrant to rely on it. *See Groh v. Ramirez*, 540 U.S. 551, 563 (2004) *citing Harlow v. Fitzgerald*, 457 U.S. 800, 818–819 (1982) ("Given that the particularity requirement is set forth in the text of the Constitution, no reasonable officer could believe that a warrant that plainly did not comply with that requirement was valid."); *U.S. v. Cook*, 657 F.2d 730, 733 (5th Cir. Unit A 1981) ("A general order to explore and rummage through a person's belongings is not permitted."); *U.S. v. Leon*, 468 U.S. 897, 923 (1984) *citing Cf. Massachusetts v. Sheppard*, 468 U.S., at 988–991). "Finally, depending on the circumstances of the particular case, a warrant may be so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid."). Due to the clear lack of

17

probable cause and the lack of particularity, the search warrant was facially

deficient, and law enforcement could not have utilized objective good faith in

executing it. As such, the good faith exception does not apply, and all evidence

obtained from the search warrant must be suppressed.

## **CONCLUSION**

For the above reasons, Mr. Alhemoud respectfully requests that this Court

hold an evidentiary hearing to determine admissibility of evidence, and at trial,

suppress all fruits of the searches conducted pursuant to the defective search

warrants.

Respectfully submitted,

/s/ *Chukwudi Egbuonu*
Chukwudi Egbuonu
State Bar No. 24081838
Federal I.D. No. 2365112
LAW OFFICE OF CHUKWUDI EGBUONU
2202 Ruth Street
Houston, Texas 77004
Phone: (713) 635-9488
Fax:    (832) 426-5792
chuck@celawoffice.com

/s/ Darryl E. Austin
DARRYL E. AUSTIN
New Jersey State Bar ID No. 023352008
Southern District of Texas No. 2659614

ATTORNEYS FOR DEFENDANT

18

## <u>CERTIFICATE OF SERVICE</u>

 I certify that on March 7, 2025, a copy of the foregoing Motion to Suppress was served by Notification of Electronic Filing and was delivered by email to the office of Assistant United States Attorneys Sharad Sushil Khandelwal and Christine Lu.

/s/ *Chukwudi Egbuonu*
Chukwudi Egbuonu
