**Sealed**
Public and unofficial staff access
to this instrument are
prohibited by court order

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

United States Courts Southern
District of Texas
FILED

*September 21, 2022*

Nathan Ochsner, Clerk of Court

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

information associated with the cellular device assigned call number (419) 984-2697, that is stored at premises controlled by MetroPCS, now Metro by T-Mobile

)
)
)
)
)
)
)

Case No.

**4:22-mj-2251**

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A (incorporated by reference).

located in the _____ Northern _____ District of _____ Texas _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated by reference).

TRUE COPY I CERTIFY
ATTEST: 9/21/22
NATHAN OCHSNER, Clerk of Court
By: *s/Rebecca Becknal*
Deputy Clerk

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
| --- | --- |
| Title 18 U.S.C. § 249 | Bias-Motivated Hate Crime |

The application is based on these facts:

(See the Affidavit In Support of Search Warrant)

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

David Helms, FBI Task Force Officer

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____ telephone _____ *(specify reliable electronic means)*.

Date: September 21, 2022

*Judge's signature*

City and state: Houston, Texas

Hon. Christina A. Bryan, United States Magistrate Judge

*Printed name and title*

Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED CALL NUMBER **(419) 984-2697**, THAT IS STORED AT PREMISES CONTROLLED BY **MetroPCS, now Metro by T-Mobile** | Case No. **4:22-mj-2251** _____<br><br>**Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, David Helms, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number **(419) 984-2697** ("the SUBJECT PHONE"), that is stored at premises controlled by **MetroPCS, now Metro by T-Mobile**, a wireless telephone service provider headquartered at **2250 Lakeside Blvd, Richardson, TX 75082**.    The information to be searched is described in the following paragraphs and in Attachment A.   This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require **MetroPCS, now Metro by T-Mobile** to disclose to the government copies of the information further described in Section I of Attachment B.   Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2.      I serve as a Task Force Officer with the Federal Bureau of Investigation (FBI) and have been so employed since August of 2022. I was previously a Task Force Officer with the FBI from 2016-2021.   As such, I am a deputized federal agent working with the FBI pursuant to Title 21 U.S.C. § 878. I have also spent the past 16 years as a certified peace officer in Houston

Police Department in Texas.  Throughout that time, I have received training and gathered experience in law enforcement investigation techniques. I am currently assigned to the FBI's Violent Crime Task Force, and thus, I am charged with investigating hate crimes and civil rights violations. I have received training from other law enforcement officers and experts in the field in the investigation and enforcement of federal hate crime laws where electronic devices are used.  I have also received training and gained experience in interview techniques, arrest procedures, search warrant applications, the execution of searches and seizures, computer evidence identification, computer evidence seizure and processing, and various other criminal laws and procedures.  I have participated in hate crime investigations and search warrants.

3.    The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.    Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 249 have been committed, are being committed, and will be committed by **Salih Alhemoud**.  There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

## **PROBABLE CAUSE**

### A.    **First Hate Crime Motivated Attack and Robbery**

5.    On August 29, 2022, Usagui Valentina Maldonado-Arellano (hereinafter Valentina), a transgender individual who identifies as female, reported being the victim of an armed robbery and assault at her apartment located in Houston, Texas with the Southern District

2

of Texas. I reviewed a sworn complaint by Houston Police Department ("HPD") Officer R. Delgado and other officers' reports of Valentina's robbery. I also interviewed Valentina. Like Officer Delgado, I found Valentina to be credible and reliable.

6.     From the reports and my investigation, I found that early on August 29, 2022, Valentina exchanged messages with a man later identified as Salih Alhemoud (hereinafter Alhemoud) on Grindr, a dating application for members of the LGBTQ community that has location-tracking functionality for its users. She and Alhemoud agreed to meet at her apartment on August 29, and Alhemoud arrived in the afternoon. Alhemoud went into Valentina's bedroom with her and shut the door. He then pulled out a pistol from his waistband and demanded Valentina's money. When Valentina told him she had no cash, he struck her with the pistol grip multiple times and stomped her face and chest when she fell to the ground. While Alhemoud was stomping Valentina, he used various transgender slurs, telling her that she "was a demon like the others, all you trans people," "You're not a woman, you're a faggot," "my religion considers you a demon," "your breasts are fake," and "You're not going to leave here alive," or words to that effect.  Valentina explained that Alhemoud knew she was transgender prior to meeting because they had discussed it over messages. Alhemoud then asked Valentina where her purse was. Upon learning it was in the living room, Alhemoud stole the victim's purse, Mexican visa, and cell phone, then ran out of the apartment.

7.     Valentina was able to see Alhemoud drive off in a red Dodge Charger with black stripes down the middle and told police. She used her "Find my iPhone" application to track her stolen phone to 9237 Westheimer Road, which is where the Alta City West Apartments that is the subject of this search warrant are located, and informed police. HPD officers took photographs of Valentina's injuries, and then went to the Alta City West Apartments.  There,

they found a red Dodge Charger with black stripes down the middle, just as Valentina had described. Officers found the vehicle identification number on that Dodge and using law enforcement databases, discovered that the car was registered to the Target, Salih Ali Mohammad Alhemoud, DOB 3/25/1994. Officers then found a driver's license photo for this registered owner and created a photo array with it and five other similar-looking individuals. On September 1, 2022, HPD Detective R. Botello showed Valentina the photo array in the typical double-blind manner after providing her a witness admonishment form. Valentina identified Salih Alhemoud as the person she met on Grindr that robbed and beat her.

8.     I interviewed Valentina on September 13, 2022, and she told me that shortly after the robbery but before HPD officers showed her the photo array, she spoke with other transgender females in her community. She advised me that two other transgender females informed her they had also been attacked by a man they met on social media. One friend showed Valentina the photo of the man she was messaging on Instagram that assaulted her, and Valentina confirmed it was the same perpetrator, Alhemoud. Both these other victims, Gabriel (Grace) Perez and Lino (Janice) Cruz Villegas, informed Valentina that Alhemoud had assaulted them and talked in a derogatory manner about being transgendered. Officer Delgado interviewed those two victims, found them credible, and learned this attack by Alhemoud occurred on July 31, 2022.

### B.  Second Hate Crime Motivated Attack and Robbery

9.     Subsequently, I reviewed another HPD report where another victim named Jose Kassandra Orosco (hereinafter Kassandra), a transgender individual who identifies as female, reported very similar events that occurred on September 1, 2022. Kassandra said that she met Alhemoud on Grindr, where he was specifically soliciting "trans" dates. Alhemoud arrived at

4

Kassandra's apartment, went into a bedroom with her, pointed a gun at her, and demanded money and bags. When Kassandra was unable to give those items to him, he yanked her by her hair, pushed her, and threatened to kill her while calling her a "gay guy" or words to that effect. Kassandra speaks Spanish and knows little to no English.

10.     Alhemoud then ran into the common area of the apartment, where he encountered Kassandra's roommate Brittany Rios and friend Diego Ramos.  I interviewed Rios on September 13, 2022, and she reported that she was in her bedroom when she heard the suspect and victim yelling.  She explained that she walked into the common living room and observed an individual unknown to her armed with a pistol state "you want to die, you fucking faggot" or words to that effect, while pointing his gun at her.  Alhemoud stole belongings from all three persons in the apartment, including at least one cellular phone and a Gucci purse.   Alhemoud then fled the apartment, and Ramos saw him get into a newer model red Dodge Charger with black stripes down the middle.

11.     Kassandra viewed a photo array of six similar-looking males, including Alhemoud, and identified Alhemoud as the person she met on Grindr who then assaulted and robbed her and her friends.

**C.  Arrest of Defendant**

12.     I reviewed law enforcement databases and discovered that Alhemoud was arrested on September 8, 2022 for state charges. I spoke with Deputy J. Gomez, the arresting officer at Harris County Constables, Precinct 8, and learned that Alhemoud had been arrested at his home – Apartment 128 at the Alta City West Apartments located at 9233 Westheimer Road in Houston, Texas, the same place where Valentina had tracked her stolen phone. I went to the Alta City West Apartments and spoke with Jessica Davis, the apartment manager there. She

confirmed that Alhemoud was listed as the tenant of Apartment 128, and no one else is on the lease. I made sure that the apartment was secured with a separate lock, so that even someone who had Alhemoud's key could not enter. I also confirmed Alhemoud was in custody as of September 8, 2022.

**D. Search of Defendant's Apartment**

13.    On September 15, 2022, Judge Andrew M. Edison authorized the search of Alhemoud's apartment and car for his and victims' electronics. HPD and I conducted the searches that same day. During the search of the apartment, I found a silver Apple iPhone, with IMEI number 351243328127692 (found to be "the SUBJECT PHONE") in the primary bedroom, which I took into HPD custody. I believed this was Alhemoud's cellular phone that he used during the timeframe he was in communication with Valentina, Kassandra and the other two victims. I was able to confirm this because I found Alhemoud's reported phone number from the August 2022 timeframe in a HPD police report, **(419) 984-2697**, and when I called that listed phone number, the SUBJECT PHONE rang.

14.    I believe Alhemoud, like most people in this day and age, carry their phones with them when they go about their normal lives, especially if they are coordinating meetings with others.  I believe location evidence of that places Alhemoud in the victims' apartment exists for the SUBJECT PHONE. Alhemoud's location during the robberies and other assaults serves as evidence of Alhemoud's preparation for and presence during the hate crimes, robberies, and assaults he committed. I also believe the subscriber information for the SUBJECT PHONE will show that Alhemoud is its owner and user.

**CELL-SITE DATA BACKGROUND**

15.     In my training and experience, I have learned that **MetroPCS, now Metro by T-Mobile** is a company that provides cellular telephone access to the general public.  I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records."  Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected.  These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas.  Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device.  Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

16.     Based on my training and experience, I know that **MetroPCS, now Metro by T-Mobile** can collect cell-site data about the SUBJECT PHONE.  I also know that wireless providers such as **MetroPCS, now Metro by T-Mobile** typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

17.     Based on my training and experience, I know that wireless providers such as **MetroPCS, now Metro by T-Mobile** typically collect and retain information about their subscribers in their normal course of business.  This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such

as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as **MetroPCS, now Metro by T-Mobile** typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the SUBJECT PHONE's user or users and may assist in the identification of co-conspirators and/or victims.

## AUTHORIZATION REQUEST

18.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

19.     I further request that the Court direct **MetroPCS, now Metro by T-Mobile** to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on **MetroPCS, now Metro by T-Mobile**, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

20.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by

giving target(s) an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

Respectfully submitted,

David Helms, Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn to me by telephone on  September 21, 2022 and I find probable cause.

HONORABLE CHRISTINA A. BRYAN
UNITED STATES MAGISTRATE JUDGE

TRUE COPY I CERTIFY
ATTEST: 9/21/22
NATHAN OCHSNER, Clerk of Court
By: _s/Rebecca Becknal_
Deputy Clerk

9

## <u>ATTACHMENT A</u>

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number **(419) 984-2697** ("the SUBJECT PHONE"), that are stored at premises controlled by **MetroPCS, now Metro by T-Mobile** ("the Provider"), a wireless telephone service provider headquartered at **2250 Lakeside Blvd, Richardson, TX 75082**.

## ATTACHMENT B

### Particular Things to be Seized

**I.  Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period **July 30, 2022 through September 2, 2022**:

    a.  The following information about the customers or subscribers of the Account:

        i.  Names (including subscriber names, user names, and screen names);

        ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii.  Local and long distance telephone connection records;

        iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v.  Length of service (including start date) and types of service utilized;

        vi.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

        vii.  Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

2

viii.  Means and source of payment for such service (including any credit card or bank account number) and billing records.

b.  All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

i.  the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

ii.  information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received

## II.  Information to be Seized by the Government

All information described above in Section I that constitutes evidence of violations of **Title 18, United States Code, Section 249** involving **Salih Alhemoud** during the period of **July 30, 2022 through September 2, 2022.**

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC
## RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE
## 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct.  I am employed by **MetroPCS, now Metro by T-Mobile**, and my title is _____.   I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved.  I state that the records attached hereto are true duplicates of the original records in the custody of **MetroPCS, now Metro by T-Mobile**.   The attached records consist of _____ **[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]**.  I further state that:

a.     all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of **MetroPCS, now Metro by T-Mobile**, and they were made by **MetroPCS, now Metro by T-Mobile** as a regular practice; and

b.     such records were generated by **MetroPCS, now Metro by T-Mobile** electronic process or system that produces an accurate result, to wit:

1.     the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of **MetroPCS, now Metro by T-Mobile** in a manner to ensure that they are true duplicates of the original records; and

      2.      the process or system is regularly verified by **MetroPCS, now Metro by T-Mobile**, and at all times pertinent to the records certified here the process and system functioned properly and normally.

      I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____    _____

Date                                  Signature

Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order

United States Courts Southern
District of Texas
FILED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

*September 21, 2022*

Nathan Ochsner, Clerk of Court

IN THE MATTER OF THE SEARCH OF
INFORMATION ASSOCIATED WITH THE
CELLULAR DEVICE ASSIGNED CALL
NUMBER **(419) 984-2697**, THAT IS STORED
AT PREMISES CONTROLLED BY **MetroPCS,
now Metro by T-Mobile**

Case No.     **4:22-mj-2251**

**Filed Under Seal**

TRUE COPY I CERTIFY
ATTEST: 9/21/22
NATHAN OCHSNER, Clerk of Court
By:    *s/Rebecca Becknal*
                 Deputy Clerk

## MOTION TO SEAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, by and through United States Attorney Jennifer

B. Lowery and Assistant United States Attorneys Christine Lu and Sharad Khandelwal, which

respectfully moves this Honorable Court to seal all materials related to the above-captioned warrant

(including the application and affidavit in support thereof) for a period of 180 days or until the

targets are arrested federally in this matter (whichever is shorter) on the grounds that (i) disclosure

would seriously jeopardize an ongoing investigation; and (ii) there is a substantial likelihood that

disclosure would endanger the physical safety of several individuals, cause targets of the

investigation to attempt to flee from prosecution, and lead to the destruction of or tampering with

evidence. Furthermore, for the abovementioned reasons, the United States also moves that this

Motion and Order also be sealed for a period of 180 days or until all target subjects are arrested

federally in this matter (whichever is shorter).

In *City of West Covina v. Perkins*, 525 U.S. 234, 237 (1999), the Supreme Court approved of

sealing a search warrant "to avoid compromising the ongoing investigation." Although there is a

dearth of published Fifth Circuit precedent on the subject, in *In re Sealing and Non-Disclosure of

Pen/Trap/2703(d) Orders*, 562 F. Supp. 2d 876,892 (S.D. Tex. 2008), it was explained that:

1

One circuit has held that there was no constitutional or common law right to inspect a warrant application "during the pre-indictment stage of an ongoing criminal investigation." *Times Mirror Co. v. United States,* 873 F.2d 1210, 1221 (9th Cir. 1989). No Fifth Circuit decision reaches the issue, although one Texas district court followed the Ninth Circuit in declining public access to such materials while the investigation was ongoing. *In re Search Warrants in Connection with Investigation of Columbia/HCA Healthcare Corp.,* 971 F.Supp. 251 (W.D. Tex. 1997).

Recently, in *In re Search Warrant Executed on June 14, 2016,* --- F. Supp. 3d ---, 2016 WL

8254352 (S.D. Tex. Nov. 15, 2016), this Court explained that:

> [T]he Government must show that keeping the materials "sealed is 'essential to preserve higher values and is narrowly tailored to serve that interest.'" . . . . "Because the judicial officer must consider alternatives to keeping the documents sealed, disclosure of some documents or provision of a redacted version will ordinarily be necessary.". . . Having independently reviewed the materials and considered the Government's arguments for retaining them under seal, the Court concludes that unsealing would be inappropriate *at this time.* Specifically, unsealing the materials would substantially undermine the Government's *ongoing* investigation because unsealing would reveal sensitive information about the investigation's nature, scope, and direction, and would identify other investigation targets. . . . "Whether unsealing an affidavit will unduly interfere with an ongoing investigation necessarily depends on the content of that particular affidavit, the precise nature of that investigation, and other case-specific factors." While the Court has considered the possibility of unsealing redacted versions of the documents, it views that alternative as impractical in the particular circumstances of this case. *See In re Search Warrant for Secretarial Area Outside Office of Gunn,* 855 F.2d 569, 574 (8th Cir. 1988) (finding "line-by-line" redactions of sealed documents "not practical" where "[v]irtually every page contain[ed] multiple references" to sensitive information).

*Id.* at *2 (internal citations omitted).

Here, the United States is not requesting that the warrant and supporting documentation be

sealed indefinitely, but rather, only for the time-period necessary to complete the investigation and

arrest the individuals identified in the affidavit and their conspirators.

Additionally, the affidavit attached to the application in this matter contains "specific

reasons" as to why the investigation would be jeopardized, individuals would be harmed by

2

disclosure, target(s) would flee from prosecution, and evidence would be destroyed or tampered. Namely, the target of this investigation is currently in state custody for a few aggravated cases that are included in the United States' investigation. However, in the course of the investigation, agents have learned that there are more victims of Defendant's crimes, and if he were to learn that the FBI was investigating additional law violations, there is a substantial risk that he will seek to silence the newly identified victims mentioned in the affidavit, flee if he is released from state custody, change his patterns of behavior, and destroy or ask others to destroy evidence of the additional federal crimes being investigated, especially if such evidence exists on electronic devices in his or others' control. *See generally In re Sealed Affidavit(s) to Search Warrants*, 600 F.2d 1256, 1257-58 (9th Cir. 1979); *Washington Post v. Robinson*, 935 F.2d 282, 290 (D.C. Cir. 1991); *United States v. Gomez*, 323 F.3d 1305, 1307 (11th Cir. 2003).

Therefore, this is not a case in which the affidavit mentions only "mere possibility of harm," which was found to be insufficient in *In re Search Warrant of Second Floor Bedroom*, 489 F. Supp. 207, 212 (D. R.I. May 9, 1980), a case relied upon by this Court in *In re Search Warrant Executed on March 22, 2016*, 195 F. Supp. 3d 908, 814 (S.D. Tex. July 15, 2016), *rev'd sub nom. In the Matter of Three Sealed Search Warrants*, No. 4:16–MJ–409 (S.D. Tex. Aug. 17, 2016), *vacated and remanded sub nom., United States v. Sealed Search Warrants, et al.*, 868 F.3d 385 (5th Cir. 2017). Moreover, sealing of only portions of the affidavit would be impractical because the entirety of the document contains sensitive information.

Therefore, for the abovementioned reasons, the United States respectfully requests that this motion be granted and that the Court seal all materials related to the above-captioned warrant (including the application and affidavit in support thereof) for a period of 180 days or until all  target

3

subjects are arrested federally in this matter (whichever is shorter), without prejudice, such that the United States may move to extend the sealing period, if necessary, in a new motion containing specific and articulable facts as to the reasons such additional time may be necessary.

The United States also moves that this Motion and Order also be sealed for a period of 180 days or until all target subjects are arrested federally in this matter (whichever is shorter).

The United States further respectfully requests that, notwithstanding this Order, the Court permit the United States to produce these materials in order to fulfill its discovery obligations in this and any other related case.

Date:  September 20, 2022                Respectfully submitted,

                                        JENNIFER B. LOWERY
                                        United States Attorney
                                        Southern District of Texas

                            By:    /s/ Christine J. Lu
                                        Christine J. Lu
                                        Sharad S. Khandelwal
                                        Assistant United States Attorneys
                                        1000 Louisiana Street, 24th Floor
                                        Houston, Texas 77002
                                        Tel.: (713) 567-9000; FAX: (713) 718-3303
                                        E-mail:  christine.lu@usdoj.gov
                                        *Counsel for the United States of America*

Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN THE MATTER OF THE SEARCH OF
INFORMATION ASSOCIATED WITH THE
CELLULAR DEVICE ASSIGNED CALL
NUMBER **(419) 984-2697**, THAT IS STORED
AT PREMISES CONTROLLED BY **MetroPCS,
now Metro by T-Mobile**

Case No.  **4:22-mj-2251**

**Filed Under Seal**

### O R D E R

HAVING CONSIDERED the Government's Motion to Seal the above-captioned warrant (including the application and affidavit in support thereof), and finding it to be meritorious:

It is hereby ORDERED that, because disclosure would seriously jeopardize an ongoing investigation, and there is a substantial likelihood that disclosure would endanger the physical safety of individuals, cause targets of the investigation to attempt to flee from prosecution, and lead to the destruction of or tampering with evidence, all materials related to this to the above-captioned warrant (including the application and affidavit in support thereof) and this Motion and Order be sealed for a period of 180 days or until all target subjects are arrested federally in this matter (whichever is shorter).

It is further hereby ORDERED that, notwithstanding this Order, the United States may produce the sealed materials to fulfill its discovery obligations in this and related cases.

Signed at Houston, Texas this the 21st day of September, 2022.

THE HONORABLE CHRISTINA A. BRYAN
UNITED STATES MAGISTRATE JUDGE

5

TRUE COPY I CERTIFY
ATTEST: 9/21/22
NATHAN OCHSNER, Clerk of Court
By: _s/Rebecca Becknal_
Deputy Clerk

AO 93  (Rev. 11/13) Search and Seizure Warrant

**Sealed**
Public and unofficial staff access
to this instrument are
prohibited by court order

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | ) Case No.    **4:22-mj-2251** |
| | ) |
| information associated with the cellular device assigned | ) |
| call number (419) 984-2697, that is stored at premises | ) |
| controlled by MetroPCS, now Metro by T-Mobile | ) |

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Northern _____ District of _____ Texas _____ *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before     October 04, 2022     *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to     and United States Magistrate Judge     . 
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:     September 21, 2022, at 1:19 pm          *Christine A Bryan*
_____
*Judge's signature*

City and state:     Houston, Texas          Hon. Christina A. Bryan, United States Magistrate Judge
_____
*Printed name and title*

Sealed

Public and unofficial staff access
to this instrument are
prohibited by court order

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

## Return

| Case No.:<br>**4:22-mj-2251** | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

## Certification

       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant

**Sealed**
Public and unofficial staff access
to this instrument are
prohibited by court order

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | )  Case No.  **4:22-mj-2251** |
| information associated with the cellular device assigned | ) |
| call number (419) 984-2697, that is stored at premises | ) |
| controlled by MetroPCS, now Metro by T-Mobile | ) |

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Northern_____ District of _____Texas_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

TRUE COPY I CERTIFY
ATTEST: 9/21/22
NATHAN OCHSNER, Clerk of Court
By: *s/Rebecca Becknal*
Deputy Clerk

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before    October 04, 2022    *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    and United States Magistrate Judge    .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for ____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:    September 21, 2022, at 1:19 pm                        *Christina A Bryan*
                                                                                                            *Judge's signature*

City and state:    Houston, Texas                        Hon. Christina A. Bryan, United States Magistrate Judge
                                                                                    *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order

| **Return** |||
|---|---|---|
| Case No.:<br>**4:22-mj-2251** | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||

Inventory of the property taken and name of any person(s) seized:

| **Certification** |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*