## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                    **4:22-CR-529-1**

**SALIH ALI MOHAMMED ALHEMOUD**

### DEFENDANT'S REPLY IN SUPPORT OF THE MOTION TO SUPPRESS

The Defendant, Salih Ali Mohammed Al-Hemoud, respectfully files this Reply to the Government's Opposition to Defendant's Motion to Suppress Evidence and moves this Court to suppress any and all statements and evidence obtained from the unconstitutional searches of his home, car, and electronic devices in violation of the Fourth and Fifth Amendments.

First, Mr. Al-Hemoud argues the cell phone affidavit included a material omission and false statement that unsubstantiated a finding of probable cause pursuant to *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). Mr. Al-Hemoud further contends the warrant authorizing the search and seizure of his property lacked probable cause that a federal offense had occurred, was a "bare bones" warrant, and was facially deficient as it failed to establish a nexus, was overbroad, and lacked particularity.

Because the search warrant application failed to establish probable cause and

particularity, the Magistrate Judge abandoned his judicial role by granting the application, and the officers lacked objective good faith when executing it. As such, all evidence obtained as a result of this search warrant, which includes all evidence obtained from Mr. Al-Hemoud's electronic devices, as well as subsequent interview, is not subject to the good faith exception and must be suppressed.  In reply to the Government's opposition, Mr. Al-Hemoud shows the Court as follows:

## I.    ARGUMENT

### A. The Government does not state a proper reason for denying an evidentiary hearing

The Government argues that because they have not decided, "at this time," what evidence will be used, the Court should deny an evidentiary hearing.  Further, bolstering their argument the Government argues that because they do not know at this point in time it would likewise be too soon to exclude potential evidence.  No authority was provided for the basis that even if evidence is suppressible, it should not be suppressed without first conferring with the Government on its intended use. The absurdity of the Government's position aside, it still lacks a basis to deny a suppression hearing on a *Franks* motion.  Admittedly there would be no need not for a hearing if the Government concedes the motion's merit, but they have not done so.  Second, it likewise defies logic to wait for the Government to change its mind on what if any evidence they plan on using, to then, justify having a hearing.

Additionally, because the Government is non-committal about their intentions on using not only the cell phone but information that is contained within the cell phone, even if they believe said information was received through other means, still does not negate the fact that they may decide to use instruments found from execution of the defective search warrant at a later date. The phone is the subject of Defense's motion, it stands to reason the information used in the subsequent search warrant to T-Mobile came from the information garnered by the seizure of said phone. The Government's argument in response is very basic, but fails to show how the information was discovered through other means than having the physical phone. Indeed, in Det. Helms' report he states, *During the search of the apartment, I found a silver Apple iPhone, with IMEI number 351243328127692 (found to be "the SUBJECT PHONE") in the primary bedroom, which I took into HPD custody. I believed this was Al-Hemoud's cellular phone that he used during the timeframe he was in communication with Valentina, Kassandra and the other two victims. I was able to confirm this because I found Al-Hemoud's reported phone number from the August 2022 timeframe in a HPD police report, **(419) 984-2697**, and when I called that listed phone number, the SUBJECT PHONE rang.* (Ex. 1 affidavit of T-Mobile Warrant).

The information that was sought as a result of the T-Mobile warrant was used from the execution of the search warrant of Defendant's home. The same

safeguards still apply and the Government's basis for not excluding the phone is unpersuasive and lacks the full understanding of how and why Det. Helms received the subsequent warrant for data by T-Mobile.

**B. The Search Warrant Affidavits Still Lack Probable Cause**

The Government in its Opposition glosses over the very fact that Det. Helms misrepresented the investigation to Magistrate Judge Edison. If it was not indeed a federal hate crime, as opposed to a state crime, there is not a basis for a federal judge to issue a warrant. The Court lacks jurisdiction without a federal nexus. The Government made no effort to explain how the Court could find probable cause of a federal hate crime. The affidavit specified the crime, not just any federal offense. The Government's motion suggests that for some other reason, not expressed in the warrant, Judge Edison could have concluded there was a federal crime when issuing the search warrants. How? That theory goes unexplained. More importantly, the information that was omitted is what is of importance. Had the Judge been apprised that the Government itself was unsure if they had probable cause for a federal hate crime perhaps the Court would not have issued the search warrant. No argument to the contrary was offered by the Government. The omitted facts of the Government's uncertainty is material information when coupled with what was included within the affidavit when determining if probable

cause of a hate crime exists.  As a result, the Court should treat the warrant as lacking probable cause and the Government conceding that issue.

The Fourth Amendment requires that courts hold a suppression hearing if a defendant "makes a substantial preliminary showing" that: (1) a warrant affidavit contains "a false statement [made] knowingly and intentionally, or with reckless disregard for the truth," and (2) the statement was "necessary to the finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978).

Det. Helms knowingly and intentionally, omitted the uncertainty that the investigation was indeed a hate crime investigation rather than a robbery or other non-federal offense.  *United States v. Awadallah*, 349 F.3d 42, 64 (2nd Cir. 2003) ("A misrepresentation or omission is intentional when the claimed inaccuracies or omissions are the results of the affiant's deliberate falsehood or reckless disregard for the truth.  It is material when the alleged falsehoods or omissions were necessary to the [issuing] judge's probable cause finding."); *see also United States. v. Kennedy*, 131 F.3d 1371, 1376 (10th Cir. 1997) (ruling that the standards set forth in *Franks* apply "to material omissions, as well as affirmative falsehoods").

Secondly, in responding to the Government's claim that that there was not a false statement the material omission aside, it belies credibility to have within an affidavit that the case is an investigation involving child exploitation and/or child pornography when that is not the investigation.  Such incredible acts are further

exacerbated when the Government provides linguistic gymnastics that the "statement is not actually a false statement *of fact* about the investigation." Such verbiage is an amazing act of misdirection. It either is or is not an investigation into child exploitation and/or child pornography. And if it is not such an investigation its inclusion in an affidavit makes it inaccurate, or in other words, false.

The Government ultimately concedes that point by recognizing and arguing the child exploitation and/or child pornography language should not be included within the affidavit which is subject to *Franks*, by offering a self-serving excuse. However, said excuses do not alleviate the problems within the affidavits. Similar to the explanation provided in the Government's brief that Det. Helms was instructed by the US Attorney's office to seek said affidavit, that excuse likewise provides no sanctuary for the affidavit's false statements and material omissions. And no timeline when said conversation/instruction occurred. Unfortunately, we have no way of knowing if those excuses are true other than a hearing, but to the Government's chagrin, those excuses do not save the search warrant and for that reason the Defense motion should be granted. Excising that paragraph and including the omitted information of the US Attorney's Office's uncertainty of having probable cause for a federal hate crime shows the affidavits lack probable cause.

### C. The Good Faith Warrant Exception Still Does Not Apply

The Government in its Opposition makes no attempt to explain that the Good Faith Warrant Exception applies when an affidavit contains a false statement.  As such, for all the reasons, *supra*, the good faith exception does not apply.   The Court should suppress for those reasons.

Likewise, although argued that the affidavit was not bare bones, the Government made no showing that the information contained within the affidavit amounts to probable cause of the federal hate crime statute.  The analysis does not begin and end with the officer's actions of executing the search warrant.  Although in this particular instance, Det. Helms was one of the officers executing the search warrant and also the officer who in fact found the phone.  The analysis must look at the affidavit and the bare bones machinations of the affidavit to decide whether an officer can rely in good faith.  Det. Helms making material omissions creates an additional problem with the Good Faith exception because he filed the search warrant and knew information was missing and misleading at that time.

However, the United States Supreme Court has carved out an exception to the exclusionary rule when evaluating whether to suppress physical evidence seized by officers reasonably relying on a warrant issued by a detached, neutral magistrate, and have held that deference is to be given to the magistrate's finding of probable cause. *United States v. Leon*, 468 U.S. 897, 913 (1984). The deference

provided to the judge, however, "is not boundless" and the Court left open the possibility of suppressing evidence obtained when false statements were included in the warrant application, the magistrate wholly abandoning his detached and neutral judicial role, and the officers lacked objective good faith when executing the warrant. *Id.* at 916-18. The Court foresaw this could be the case if officers relied on a warrant that was so facially deficient that they could not presume it to be valid. *Id.*

But good faith does not save the T-Mobile search warrant from being the fruit of the poisonous tree under any scenario. Good faith instead ordinarily applies to direct challenges to unconstitutional warrants, and not usually to challenges to a warrant as the fruit of a prior unconstitutional violation. *See, e.g., Davis v. United States*, 564 U.S. 229, 238–39 (2011) ("*Leon* itself, for example, held that the exclusionary rule does not apply when the police conduct a search in objectively reasonable reliance on a warrant later held invalid.") (internal quotation marks and citation omitted); *see also* Wayne R. LaFave & David C. Baum*, Search and Seizure: A Treatise on the Fourth Amendment*, § 1.3(f) (6th ed. 2020) ("[D[oes the *Leon* good faith rule even extend to prior warrantless activity by the police when that activity now becomes the predicate for a warrant, so that the defendant will not necessarily prevail by showing that the evidence obtained by executing the warrant was a fruit of an earlier unconstitutional warrantless search by the police? Some

8

courts have answered this question in the affirmative, *though there is good reason to doubt whether this is correct.*") (emphasis added).

Here, Mr. Al-Hemoud is not challenging the validity of the T-Mobile search warrant. Instead, Mr. Al-Hemoud challenges the validity of the initial search warrant seizing his cellphone for which the subsequent search conducted pursuant to a warrant was its fruit. *United States v. Vasey*, 834 F.2d 782, 789 (9th Cir. 1987) ("The *Leon* Court made it very clear that the exclusionary rule should apply . . . if the exclusion of evidence would alter the behavior of individual law enforcement officers or the policies of their department."); *United States v. Wanless*, 882 F.2d 1459, 1466 (9th Cir. 1989) ("The mere fact that the officer requesting the warrant is truthful about the evidence he submits in support of the warrant is insufficient. We have recently decided that the good faith exception does not apply where a search is issued on the basis of evidence obtained as the result of an illegal search."); *United States v. Villard*, 678 F. Supp. 483, 490 (D.N.J. 1988) ("*Leon* did not address the admissibility of evidence seized under a warrant that was based on information obtained in a prior illegal search.

Further, it would be inappropriate and inconsistent with the reasoning of *Leon* to extend the good faith exception to such a situation."); *State v. Hicks*, 707 P.2d 331, 333 (Ariz. Ct. App. 1985) (*Leon* "does not hold that a subsequent

warrant validates an earlier illegal search. Police officers cannot launder their prior unconstitutional behavior by presenting the fruits of it to a magistrate.".)).

Det. Helms should not be afforded such deference on his reliance on the search warrant when he created the facially deficient warrant.  Further, no officer should be afforded deferential reliance on the fruits of the initial search warrant when it was a defective search warrant lacking probable cause.

## CONCLUSION

For the above reasons, Mr. Al-Hemoud respectfully requests that this Court hold an evidentiary hearing to determine admissibility of evidence, and at trial, suppress all fruits of the searches conducted pursuant to the defective search warrants.

Respectfully submitted,

By /s/ Darryl E. Austin
DARRYL E. AUSTIN
New Jersey State Bar ID No. 023352008
Southern District of Texas No. 2659614

/s/ *Chukwudi Egbuonu*
Chukwudi Egbuonu
State Bar No. 24081838
Federal I.D. No. 2365112
LAW OFFICE OF CHUKWUDI EGBUONU
2202 Ruth Street
Houston, Texas 77004
Phone: (713) 635-9488
Fax:　 (832) 426-5792
chuck@celawoffice.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that on March 28, 2025, a copy of the foregoing Reply in Support of Defendant's Motion to Suppress was served by Notification of Electronic Filing and was delivered by email to the office of Assistant United States Attorneys Sharad Sushil Khandelwal and Christine Lu.

/s/ Darryl E. Austin
DARRYL E. AUSTIN